UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case Nos: 1:05-CR-74 \ 1:08-CV-117 |
| v. | ) |
| | ) |
| JEFFERY SULLIVAN | ) Chief District Judge Curtis L. Collier |
| | ) |

**MEMORANDUM**

Jeffery Sullivan ("Sullivan") has filed a motion to vacate, set aside, or correct his sentence

under 28 U.S.C. § 2255 (Crim. Court File No. 30). Sullivan contends his counsel was ineffective

for inadequately contesting aspects of his criminal record which allowed him to be sentenced under

the Armed Career Criminal Act ("ACCA"). 18 U.S.C. § 924(e).

Having reviewed the materials thus submitted, together with the record of the underlying

criminal case, the Court finds they show conclusively Sullivan is not entitled to relief on the claims

asserted; thus, an evidentiary hearing is not needed in this matter. *See United States v. Todaro*, 982

F.2d 1025, 1028 (6th Cir. 1993). Accordingly, the Court will decide the matter and explain the

reasons Sullivan's asserted grounds for relief are without merit. Rule 8(a) of the Rules Governing

Section 2255 Proceedings in the United States District Courts.

I.      **BACKGROUND**

        A.      **Procedural Background**

Sullivan was indicted on June 30, 2005, for possession of a firearm (Count One) and

possession of ammunition (Count Two) by a convicted felon in violation of 18 U.S.C. § 922(g)(1)

(Crim. Court File No. 1). On September 15, 2005, Sullivan pleaded guilty to both counts of the

indictment before United States Chief District Judge Curtis L. Collier pursuant to a plea agreement with the United States (Crim. Court File No. 12).

Under the 2005 United States Sentencing Guidelines ("Guidelines" or "USSG"), the base offense level was a twenty because the defendant has a previous conviction for a crime of violence. USSG § 2K2.1(a)(4). After a three-level reduction for acceptance of responsibility, his adjusted offense level was seventeen. With a chapter four enhancement due to Sullivan's previous serious drug and violent felony convictions, Sullivan was categorized as an armed career criminal. USSG § 4B1.4. According to the Pre-Sentence Report ("PSR"), Sullivan was previously convicted of one serious drug offense in Florida in 1985 where he faced a fifteen year maximum sentence (PSR ¶ 30). Sullivan was also convicted of three previous violent felonies, one conviction for burglary of a structure in 1997 and two convictions for burglary of a structure in 2000 (PSR ¶ ¶ 40, 43, 45). As an armed career criminal, Sullivan's offense level was then a thirty-three. USSG § 4B1.4(b)(3)(B). After the three-level reduction for acceptance of responsibility, his total offense level was thirty.

With twenty-eight criminal history points, Sullivan's criminal history category was IV, which yielded a Guidelines range of 180 to 210 months, after factoring in the statutory minimum of fifteen years (180 months) pursuant 18 U.S.C. § 924(e). USSG § 5G1.1.(c). Sullivan was then sentenced on January 6, 2006, to a term of imprisonment of 200 months on each count, to be served concurrently, and judgment was entered on January 26, 2006 (Crim. Court File No. 23).

Sullivan directly appealed his conviction to the United States Court of Appeals for the Sixth Circuit, and the sentence was affirmed on March 2, 2007. *United States v. Sullivan*, 219 F. App'x

414 (6th Cir. 2007).  Sullivan filled a timely 28 U.S.C. § 2255 motion on May 5, 2008 (Crim. Court

File No. 30).

### B.      Factual Background

As part of his plea agreement, Sullivan stipulated to the following facts:

> 1.  On Feburary 25, 2005, ATF Special Agent Stephen Gordy executed a search warrant at Defendant's parent's residence, located in Whitwell, Tennessee, where Defendant was currently living.  Agent Gordy made contact with Defendant's mother upon arrival, confirming the defendant was in fact living at the residence.  Defendant's bedroom was searched, and officers found approximately 680 rounds of ammunition and also mail addressed to Defendant in the room.  Next, Defendant's vehicle was searched, and Agent Gordy  found a Lorcin CF380 .380 caliber pistol and approximately 41 rounds of ammunition of various calibers, including .380.  A bill of sale showing  Defendant purchased the vehicle in February of 2005 and a Hamilton County Sheriff's Department patrolman's badge were also found in the car.
>
> 2.  Defendant was later interviewed by investigators and waived his Miranda rights.   Defendant  stated  the  ammunition  in  the  vehicle  was  his  and acknowledged possession of the badge as well.

(Crim. Court File No. 13).

## II.     STANDARD OF REVIEW

This Court must vacate and set aside the sentence if it finds "the judgment was rendered

without jurisdiction, or the sentence imposed was not authorized by law or otherwise open to

collateral attack, or there has been such a denial or infringement of the constitutional rights of the

prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255.  Under Rule

8(a) of the Rules Governing Section 2255 Proceedings In The United States District Courts, the

Court is to review the answer, any transcripts, and records of prior proceedings and any materials

submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959), *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

III.    ANALYSIS

Sullivan asserts two claims against defense counsel. Sullivan alleges defense counsel was constitutionally ineffective by inadequately arguing Sullivan's 1997 burglary conviction should not

have been defined as a "generic burglary" and failing to object to the Court's use of the arresting officer's affidavit of complaint in the determination. After a brief discussion of the applicable law, the Court will address these claims.

## A. Applicable Law

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id.* at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires the petitioner to show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.* at 697.

## B.  Armed Career Criminal Act

Sullivan contends his counsel failed to adequately contest the classification of his 1997 burglary conviction as a "generic burglary" qualifying Sullivan for sentencing under the ACCA, and failed to object to the Court's use of the arresting officer's affidavit of complaint in classifying the burglary as generic.

Under the ACCA, a person who violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or a serious drug offense must be imprisoned for a minimum of fifteen years. 18 U.S.C. § 924(e)(1). Congress has defined a violent felony to include burglary,

among other crimes. 18 U.S.C. § 924(e)(1)(B)(ii). However, not all burglary convictions fall under the category of violent felonies. *Shepard v. United States*, 544 U.S. 13, 16 (2005). A burglary conviction is a violent felony, allowing a defendant to be sentenced under the ACCA, when the burglary is a "generic burglary." *Id.* To qualify as a "generic burglary," the burglary must have been of a "building or enclosed space, not in a boat or motor vehicle." *Id.*

Sullivan argues defense counsel was ineffective in arguing his objection to the classification of the 1997 burglary conviction as a "generic burglary" (Crim. Court File No. 26 at pp. 3-4). Defense counsel argued Sullivan's 1997 burglary conviction occurred in an automotive lot, or "a parking lot with a fence around it," and not a structure as required for a "generic burglary" (Crim. Court File No. 26 at p. 8). In arguing a separate burglary conviction regarding an automotive lot, defense counsel pointed out "burglaries related to automobiles . . . are not those type of burglaries that rise to the level as a 'generic burglary'" (Crim. Court File No. 26 at p. 8). The Court denied defense counsel's objection to the 1997 burglary and used the burglary as a predicate offense for the ACCA.

Although not ultimately successful, defense counsel made adequate, tactical arguments at sentencing regarding reasons the 1997 burglary could be considered a non-generic burglary. Defense counsel need not prevail in an argument to be effective in representing a defendant and maintaining a defendant's constitutional rights. *Johns v. Perini*, 462 F.2d 1308, 1313 (6th Cir. 1972). Therefore defense counsel's performance in arguing the classification of the burglary conviction was reasonable under the professional standards at the time. Sullivan's claim defense counsel was ineffective for inadequately arguing the classification of his 1997 burglary conviction fails.

7

Sullivan also contends his counsel was ineffective due to his failure to object to the use of an affidavit in the sentencing hearing.  In ruling on defense counsel's objection, the Court looked to the conviction, charging document, and  affidavit of the arresting officer for the 1997 burglary (Crim. Court File No. 26 at p. 12). A sentencing court may consider a limited range of judicial documents when determining the nature of a prior conviction. *Shepard*, 544 U.S. at 26.  The limited range of documents to be considered includes the charging document, plea agreement, transcript of plea colloquy where defendant confirms a factual basis, or "some comparable judicial record of this information." *Id.*  The documents used must show whether the defendant "necessarily admitted" to elements of a predicate offense, as all the above mentioned documents would do. *Id. at 16.* However, a court may not rely upon an affidavit of complaint to determine the nature of the predicate offense.  *United States v. Medina-Almaguer*, 559 F.3d 420, 424 (6th Cir. 2009).  An affidavit of complaint is used prior to a formal indictment to determine whether probable cause exists to believe a defendant has committed a crime and does not show whether a defendant "necessarily admitted" the elements of a predicate offense. *Id.*  While the affidavit was before the Court at Sullivan's sentencing, the Court specifically used the conviction document, which stated the 1997 burglary  was of a "structure," to deny defense counsel's objection and determine the burglary qualified as a "generic burglary" (Crim. Court File No. 26 at pp. 11-12).

Because the Court relied on the conviction document and not the affidavit, it was reasonable for defense counsel not to object to the use of the affidavit.  Even if defense counsel had objected to the use of the affidavit, the outcome would not have changed because the conviction document alone showed the burglary in question was a "generic burglary" (Crim. Court File No. 26 at pp. 11-12).

The outcome of Sullivan's sentencing would not have differed had his counsel contested the use of the affidavit of complaint or further disputed the classification of his 1997 burglary conviction as a predicate violent felony under the ACCA.

## IV.    CONCLUSION

For the reasons stated above Sullivan is not entitled to any relief under 28 U.S.C. § 2255 as his sentence does not violate the Constitution or laws of the United States.  Accordingly, Sullivan's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ( Crim. Court File No. 30) will be **DENIED**.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**